IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STEVEN D. LISLE, JR., <br><br> Plaintiff, <br><br> v. <br><br> TIM HAMMES, *et al.*, <br><br> Defendants. | No. 22 C 50112 <br><br> District Judge Iain D. Johnston <br> Magistrate Judge Michael F. Iasparro |

## STATUS REPORT

Defendants, Timothy Hammes, Nicole Benitez, Michael Kempthorne, Leslie Simpson, Jefrey Dalke, Daniel Ditzler, David Allen, Randi Bontz, Jennifer Altfillisch, Arthur Manzano, Scott Meyer, Renee Stevens, and Derek Heslop, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, respectfully submit the following status report on the affirmative defense of failure to exhaust administrative remedies, as requested by the Court's June 25, 2025, Order:

1. On June 25, 2025, the Court ordered Defendants to file a status report by July 9, 2025, stating 1) whether they will proceed with the affirmative defense of failure to exhaust administrative remedies and explaining 2) if the failure to exhaust defense is intertwined with the merits of Plaintiff's claims pursuant to *Perttu v. Richards*, 145 S. Ct. 1793, 222 L.Ed.2d 108 (2025). (Dkt. No. 109.)

2. First, Defendants anticipate filing a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies because of Plaintiff's inability to make timely appeals to the Administrative Review Board.

1

3.     Second, Defendants submit that the failure to exhaust defense is not intertwined with the merits of Plaintiff's constitutional claim of deliberate indifference to a serious risk of self-harm. Neither the defense nor the claim rise and fall with the same predicate facts.

4.     The U.S. Supreme Court recently held that "parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Perttu*, 222 L.Ed.2d at 118. The claim at issue in *Perttu*, which both parties agreed shared common questions of fact with the exhaustion defense, was a First Amendment retaliation claim against the defendant for ripping up the plaintiffs' grievance forms, throwing them away, and threatening to kill the plaintiffs if they filed more grievances. *Id.* at 116.

5.     While very few courts have had the opportunity to establish the contours of what kinds of claims are intertwined with the exhaustion defense, the court in *Owens v. Alexander*, No. 24-CV-716, 2025 U.S. Dist. LEXIS 122362, n.5 (E.D. Wis. June 27, 2025), found that deliberate indifference to a serious risk of self-harm is not the type of claim mandating a jury trial on exhaustion.

6.     Similarly, here, the availability of administrative remedies does not depend on the truth of whether Defendants acted with deliberate indifference to Plaintiff's serious risk of self-harm.

7.     The question of whether the exhaustion defense is intertwined with Plaintiff's state law claims of intentional infliction of emotional distress and negligent spoliation of evidence is immaterial because this Court would lack subject-matter jurisdiction over the state law claims without the Section 1983 claim. In any event, Defendants will also argue in subsequent briefing that this Court lacks authority to adjudicate the state law claims at all pursuant to the Illinois State Lawsuit Immunity Act, 745 Ill. Comp. Stat. 5/1.

Dated: July 9, 2025.

|  |  |
|---|---|
|  | Respectfully submitted, |
| KWAME RAOUL<br>Attorney General of Illinois | By: */s/ Adam Peterson*<br>Adam Peterson<br>Assistant Attorney General<br>Office of the Illinois Attorney General<br>General Law Bureau<br>115 South LaSalle Street<br>Chicago, Illinois 60603<br>(773) 550-7828<br>adam.peterson@ilag.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on July 9, 2025, I electronically filed the foregoing *Status Report*, with the Clerk of Court using the CM/ECF system, which sent a notification of such filing to the following:

n/a

and I hereby certify that on July 9, 2025, I caused to be mailed by United States Postal Service, a copy of the foregoing document to the following non-registered participant:

**Steven D. Lisle, Jr. R40159**
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764
PRO SE

Executed on July 9, 2025.

Respectfully Submitted,

KWAME RAOUL
Attorney General of Illinois

*/s/ Adam Peterson*
Adam Peterson
Assistant Attorney General
General Law Bureau
115 S. Lasalle St.
Chicago, Illinois 60603
(312) 814-1035
adam.peterson@ilag.gov