IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STEVEN D. LISLE, JR., <br><br> Plaintiff, <br><br> v. <br><br> TIMOTHY HAMMES, *et al*., <br><br> Defendants. | No. 22 C 50112 <br><br> District Judge Iain D. Johnston <br> Magistrate Judge Michael F. Iasparro |

**RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**

Defendants, Timothy Hammes, Nicole Benitez, Michael Kempthorne, Leslie Simpson, Jefrey Dalke, Daniel Ditzler, David Allen, Randi Bontz, Jennifer Altfillisch, Arthur Manzano, Scott Meyer, Renee Stevens, Derek Heslop, and Colton Love, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, respectfully ask this Court to deny Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. No. 121.) In support thereof, Defendants state as follows:

**INTRODUCTION**

1. Plaintiff filed her original complaint back in April of 2022. (Dkt. No. 1.) The operative complaint – Plaintiff's Amended Complaint – was filed on November 30, 2023. (Dkt. No. 36.) Forty-two (42) months after the onset of this case, Plaintiff sought leave to file a Second Amended Complaint. (Dkt. No. 121.)

2. Specifically, Plaintiff seeks to amend her complaint by substituting Jane Doe Nurse with "K. Engel" and Jane Doe Sergeant as "Dahlstom." (*Id.* at ¶ 1.) She also intends to add a new negligent spoliation of evidence claim arising out of a grievance filed in February of 2022, which

1

involves the following parties: "Arthur Manzan, Tary Williams, Brett Wells, Allen, Jacobs, Doe Internal Affair Officials, Tact, Wilks, Jeffreys." (*Id.* at ¶ 2.)

3. On February 19, 2025, this Court entered a scheduling order setting 04/30/25 as the deadline to file an amended pleading with appropriate leave of Court. (Dkt. No. 86.)

4. Plaintiff's Second Amended complaint is untimely because she has presented no good cause to explain the nearly six-month delay in seeking leave to file an amended pleading.

5. Setting aside the untimeliness of Plaintiff's requested amendment, the statute of limitations bars Plaintiff from substituting in the Jane Doe defendants, and any claim for "negligent spoliation" would be futile because Plaintiff must lose an underlying lawsuit before proceeding on that theory---something that has not happened to Plaintiff because this case remains ongoing. Plaintiff's motion must therefore be denied.

## ARGUMENT

**A. Plaintiff's Motion Does Not Show Good Cause for Missing the Deadline to Amend Her Complaint**

5. Ordinarily, courts should "freely give leave [to amend] when justice so requires." *Life Plans, Inc. V. SEC. Life of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (citing Fed. R. Civ. P. 15 (a)(2)). However, once a court enters a Scheduling Order setting a deadline to amend pleadings, the party moving for leave to amend their complaint must show "good cause" if they missed the deadline. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citing Fed. R. Civ. P. 16(b)).

6. The "good cause" requirement under Rule 16(b) is more demanding than the "excusable neglect" requirement under Rule 6(b)(1)(B) because "lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *Experience Based Learning, Inc. v. Hanover Ins. Co.*, No. 17 CV 05133, 2019 U.S. Dist. LEXIS 105284, at *13 (N.D.

Ill. June 24, 2019) (quoting *Downing v. Abbott Labs.*, No. 15 CV 05921, 2017 U.S. Dist. LEXIS 168252, at *10 (N.D. Ill. Oct. 11, 2017)). Thus, courts assess the diligence of the party seeking an extension when making a good-cause determination. *Id.* (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011)).

7. Here, Plaintiff does not meet the stringent "good cause" standard under Rule 16(b) because her motion shows no diligence in complying with this Court's deadline for amending pleadings.

8. Although Plaintiff does not clarify in her motion, Defendants assume that she is amending her complaint based off information in a grievance filed in February 2022. If true, Plaintiff could have included these allegations in either of the prior complaints.

9. Since Plaintiff has 8 pending civil rights cases against IDOC staff aside from 24 other closed cases (*see* Dkt. No. 124, pp. 3-4), this Court should take judicial notice of the fact that Plaintiff had ample access to the grievance records she is relying on to amend her complaint well before the 04/30/25 deadline.

10. Furthermore, Plaintiff made no effort to engage in any discovery prior to 04/30/25 that could have shed light on any related parties or claims; Plaintiff's first sets of written discovery were propounded on September 28, 2025. (*See* Dkt. No. 129, p. 2.)

11. The instant motion lacks any excuse for why Plaintiff failed to take diligent steps to amend her complaint by April 30, 2025, or sought an earlier extension. Thus, she has forfeited her opportunity to file a Second Amended Complaint.

B. **The Statute of Limitations Prevents the Subtitution of New Parties for Jane Doe Defendants**

12. In the Merit Review Order for the operative complaint entered on September 3, 2024, this Court admonished Plaintiff to send interrogatories seeking the names of the unidentified

3

Defendants "as soon as possible in light of the two-year statute of limitations and applicable tolling rules." (Dkt. No. 44, p. 6.)

13. In *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021), the Seventh Circuit held that naming a John Doe defendant is not a "mistake concerning the proper party's identity" under Rule 15(c)(1)(C). In other words, an amended complaint substituting a John Doe defendant with a named defendant does not relate back to the original complaint.

14. Under Illinois law, the applicable statute of limitations period is two years from the date of accrual. *See Jenkins v. Village of Maywood*, 506 F.3d 622, 623 (7th Cir. 2007) (citing 735 ILCS § 5/13-202). Since Plaintiff's original complaint was filed on April 14, 2022, she only had until April 14, 2024, to add the John Doe defendants sans equitable tolling.

15. Given Plaintiff's status as a pro se litigant, this Court acted within its discretion to effectively toll the statute of limitations in its Merit Review Order for Plaintiff to conduct discovery on the unidentified Defendants. (Dkt. No. 44, p. 6, citing *Bryant v. City of Chicago*, 746 F.3d 239 (7th Cir. 2014)).

16. Plaintiff failed to follow this Court's clear instructions to propound interrogatories about the identities of the Jane Doe defendants and amend her complaint with the correct identities "as soon as possible." Defendants submit that any equitable tolling is void because she failed to take diligent steps to satisfy the conditions of the equitable tolling established in the Merit Review Order.

17. Therefore, even if Plaintiff has good cause to amend her complaint at this stage of the litigation, she at least cannot substitute Jane Doe Nurse with "K. Engel" and Jane Doe Sergeant as "Dahlstom."

**C.      Any Negligent Spoliation Claim Is Futile Because Plaintiff Has Not Lost an Underlying Lawsuit.**

18.     Even if Plaintiff's motion were deemed timely, Plaintiff's proposed, new claim of negligent spoliation would be futile for two independent reasons.

19.     First, under Illinois law, a plaintiff can only prevail on such a theory when she loses an underlying lawsuit. *Martin v. Keeley & Sons, Inc.*, 2012 IL 113270, ¶¶ 26-27 (necessary element includes "the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit"). Because Plaintiff has not suffered such a loss, there is no causation for damages. The claim necessarily fails because Plaintiff's proposed amendment fails to assert facts that support this essential element.

## CONCLUSION

For the above and foregoing reasons, Defendants respectfully request this Court to deny Plaintiff's Motion for Leave to file a Second Amended Complaint.


Dated: November 18, 2025.

KWAME RAOUL  
Attorney General of Illinois

Respectfully submitted,

By:     */s/ Adam Peterson*  
Adam Peterson  
Assistant Attorney General  
Office of the Illinois Attorney General  
General Law Bureau  
115 South LaSalle Street  
Chicago, Illinois 60603  
(773) 550-7828  
adam.peterson@ilag.gov

5

## **CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on November 18, 2025, I electronically filed the foregoing *Response to Plaintiff's Motion For Leave to File a Second Amended Complaint* with the Clerk of Court using the CM/ECF system, which sent a notification of such filing to the following:

n/a

and I hereby certify that on November 18, 2025, I caused to be mailed by United States Postal Service, a copy of the foregoing document to the following non-registered participant:

**Steven D. Lisle, Jr. R40159**
Pontiac Correctional Center
P.O. Box 99
Pontiac, IL 61764
PRO SE

Executed on November 18, 2025.

                                      Respectfully Submitted,

KWAME RAOUL                By:      */s/ Adam Peterson*
Attorney General of Illinois                   Adam Peterson
                                                   Assistant Attorney General
                                                   General Law Bureau
                                                   115 S. Lasalle St.
                                                   Chicago, Illinois 60603
                                                   (312) 814-1035
                                                   adam.peterson@ilag.gov